UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHELLE WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-246 (RWR) |
| DISTRICT OF COLUMBIA et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michelle Williams brings claims against the
District of Columbia and the District of Columbia Public Schools
("DCPS") under the Individuals with Disabilities Education Act
("IDEA"), codified at 20 U.S.C. §§ 1400 et seq., challenging a
hearing officer's dismissal of Williams' administrative complaint
alleging that DCPS failed to timely conduct and review a
psychoeducational reevaluation of Williams' daughter, D.W.
Williams also brings a claim under § 504 of the Rehabilitation
Act, codified at 29 U.S.C. § 794, alleging that DCPS
discriminated against D.W. on the basis of her disability by
failing to provide a free, appropriate public education ("FAPE")
to her.  Defendants move to dismiss the complaint as to defendant
DCPS and to dismiss Williams' Rehabilitation Act claim.  Because
Williams does not oppose dismissing the complaint as to DCPS and
she has failed to plead a violation of the Rehabilitation Act,
the defendants' motion to dismiss will be granted.

## BACKGROUND

When Williams filed this complaint, D.W. was a student whom DCPS deemed eligible for special education. (Compl. ¶ 8.) On June 10, 2008, a multidisciplinary team determined that D.W. should be subject to a psychoeducational reevaluation. (<u>Id.</u> ¶ 10.) On September 25, 2008, Williams filed an administrative due process complaint alleging that DCPS failed to timely conduct that reevaluation. (<u>Id.</u> ¶ 12.) A hearing officer convened an administrative hearing and dismissed the complaint. (<u>Id.</u> ¶¶ 13-14.) Williams filed this suit against the District of Columbia and DCPS, challenging under the IDEA the hearing officer's dismissal of her administrative complaint. Williams also alleges in Count III of her complaint that the District of Columbia violated § 504 by creating and adhering to a policy, custom, or practice of refusing to timely conduct evaluations of special education students. The defendants move to dismiss the § 504 claim and dismiss DCPS as a defendant under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

"A Rule 12(b)(6) motion tests the legal sufficiency of a complaint[.]" <u>Browning v. Clinton</u>, 292 F.3d 235, 242 (D.C. Cir. 2002). In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff, <u>id.</u>, and "the court

must assume the truth of all well-pleaded allegations." <u>Warren v. Dist. of Columbia</u>, 353 F.3d 36, 39 (D.C. Cir. 2004). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 563; <u>accord Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.</u>, 525 F.3d 8, 15 (D.C. Cir. 2008). <u>But see Tooley v. Napolitano</u>, 586 F.3d 1006, 1007 (D.C. Cir. 2009) (declining to reject or address the government's argument that <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), invalidated <u>Aktieselskabet</u>). A complaint should contain enough factual heft to show an entitlement to relief. <u>Twombly</u>, 550 U.S. at 557. That is, a complaint needs to plead "only enough facts to [nudge] a claim to relief . . . across the line from conceivable to plausible[.]" <u>Id.</u> at 570. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S. Ct. at 1950.

I.   SECTION 504

To state a claim under § 504, a plaintiff must plead discrimination "'solely by reason of his [or her] handicap.'" <u>Walker v. Dist. of Columbia</u>, 157 F. Supp. 2d 11, 35 (D.D.C. 2001) (alteration in original) (quoting 29 U.S.C. § 794). Not every

violation of IDEA also constitutes a violation of § 504.[1]

Torrence v. Dist. of Columbia, 669 F. Supp. 2d 68, 71 (D.D.C.

2009).  Rather, "'something more than a mere failure to provide

the [FAPE] required by [IDEA] must be shown'" to demonstrate

discrimination solely on the basis of the student's disability.

Lunceford v. D.C. Bd. of Educ., 745 F.2d 1577, 1580 (D.C. Cir.

1984) (quoting Monahan v. Nebraska, 687 F.2d 1164, 1170 (8th Cir.

1982) (interpreting the Education for All Handicapped Children

Act of 1975, a precursor to IDEA)).  A plaintiff may satisfy this

requirement by alleging that any failure to provide a FAPE

resulted from either bad faith or gross misjudgment.  Torrence,

669 F. Supp. 2d at 71 (citing Monahan, 687 F.2d at 1171).

Several courts in this district have held that plaintiffs

fail to state § 504 claims upon which relief may be granted when

the factual allegations in their complaints do "not show anything

other than a possible denial of FAPE under the IDEA[.]"  Id. at

---

[1] IDEA requires that a reevaluation of a child take place if a local educational agency ("LEA") determines one is warranted. 20 U.S.C. § 1414(a)(2)(A).  IDEA and its implementing regulations do not set a time frame within which an LEA must conduct a reevaluation after one is requested by a student's parent.  See Herbin ex rel. Herbin v. Dist. of Columbia, 362 F. Supp. 2d 254, 259 (D.D.C. 2005).  In light of the lack of statutory guidance, Herbin concluded that "[r]eevaluations should be conducted in a 'reasonable period of time,' or 'without undue delay,' as determined in each individual case."  Id. (quoting Office of Special Education Programs Policy Letter in Response to Inquiry from Jerry Saperstone, 21 Individuals with Disabilities Education Law Report 1127, 1129 (1995)).  Williams' complaint alleges sufficient facts to state a claim that DCPS violated this provision of IDEA.

72; see also, e.g., Lucas v. Dist. of Columbia, 683 F. Supp. 2d 16, 19 (D.D.C. 2010) (dismissing plaintiff's § 504 claim on the ground that the factual allegations in plaintiff's complaint did "not support an allegation that DCPS acted in bad faith or with gross misjudgment"); Taylor v. Dist. of Columbia, 683 F. Supp. 2d 20, 22 (D.D.C. 2010) (same). These courts also held that the conclusory assertion that DCPS had a policy, custom, or practice of refusing to authorize timely evaluations of special education students did not satisfy -- in the absence of more specific facts from which the courts could infer such a policy, custom, or practice -- the requirement that a plaintiff allege bad faith or gross misjudgment. See Lucas, 683 F. Supp. 2d at 19; Taylor 683 F. Supp. 2d at 22-23.

Here, too, Williams asserts that "DCPS has created and adhered to a policy, custom or practice of refusing timely to conduct, review, or authorize funding of evaluations of special education students in the District of Columbia[.]" (Compl. ¶ 24.) However, Williams does not allege any facts that support the existence of such a policy, custom, or practice. Williams alleges only that DCPS failed to timely conduct and review D.W.'s evaluations, and not, for example, that DCPS failed to timely conduct and review the evaluations of other special education students in the District of Columbia. (See id. ¶ 12.) This allegation alone does not permit an inference of bad faith or

gross misjudgment. <u>See</u> <u>Torrence</u>, 699 F. Supp. at 72. Nor do Williams' factual allegations provide any other basis for concluding that DCPS may have discriminated against D.W. solely on the basis of her disability. <u>Cf.</u> <u>Douglass v. Dist. of Columbia</u>, 605 F. Supp. 2d 156, 168 (D.D.C. 2009) (noting that the complaint "alleges that the District discriminated against Plaintiff solely based on his disability because it provided only regular education students [with] the opportunity to . . . work towards a regular high school diploma, but did not provide the same opportunity to special education students" (internal quotation marks omitted) (alteration in original)).

II.  DCPS

The defendants argue, citing <u>Hinton v. Metro. Police Dep't</u>, 726 F. Supp. 875 (D.D.C. 1989), that DCPS is an agency of the District of Columbia government and therefore is <u>non sui juris</u> and not a proper defendant. (Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 4-5.) In her opposition to the motion to dismiss, Williams states that she does not oppose dismissing the complaint with respect to DCPS. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1.) Thus, DCPS will be dismissed as a defendant.

<u>CONCLUSION AND ORDER</u>

Williams has not pled facts that support inferences of bad faith or gross misjudgment in DCPS' failure to timely evaluate D.W., or of discrimination otherwise against D.W. solely because

of her disability.  In addition, DCPS lacks the capacity to be sued.  Accordingly, it is hereby

ORDERED that the defendants' motion [4] to dismiss be, and hereby is, GRANTED.  Count III of the plaintiff's complaint is dismissed, and DCPS is dismissed as a defendant.

SIGNED this 23rd day of March, 2011.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge